# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE CHORAK,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>JO ANNE B BARNHART, Commissioner of Social Security Administration,<br><br>　　　　　　　Defendant. | CASE NO. 06CV2060-IEG-NLS<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; (Doc. No. 13) and**<br><br>**(2) GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT.  (Doc. No. 19.)** |

Plaintiff Melanie Chorak, proceeding by and through counsel, has filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's final decision denying her application for Social Security Disability Benefits under Title II of the Social Security Act. Plaintiff moves the Court for summary judgment reversing the Commissioner's decision and ordering an award of benefits.  (Doc. No. 13.)  The Commissioner has filed a cross-motion for summary judgment, asking the Court to affirm the denial of benefits.  (Doc. No. 19.)  These motions are appropriate for submission on the papers and without oral argument pursuant to Local Rule 7.1(d)(1).  Upon review, for the reasons explained below, Plaintiff's motion for summary judgment is DENIED and the Commissioner's cross-motion is GRANTED.

//

//

BACKGROUND

Procedural History

Plaintiff applied for Disability Insurance Benefits under Title II of the Social Security Act on January 25, 2005. (Administrative Record Transcript ("Tr.") at 10.) The Social Security Administration denied plaintiff's application initially and upon reconsideration. At plaintiff's request, an Administrative Law Judge ("ALJ") held a hearing on February 7, 2006. (Id. at 10.) On May 16, 2006, ALJ Eve B. Godfrey issued an unfavorable written decision finding plaintiff was not disabled. (Id. at 10-18.)

Plaintiff requested review by the Appeals Council of the ALJ's decision. The Appeals Council denied Plaintiff's request for review on July 26, 2006. (Id. at 3.) Plaintiff filed this action for judicial review on September 22, 2006.

Factual Background

Plaintiff is a 37-year-old woman with a college education and past relevant work as a receptionist, stock clerk and telephone operator. (Tr. at 11.) She alleges a disability due to major depression, Asperger's syndrome, and a learning disorder. (Id.) Plaintiff has not engaged in any gainful activity since January 1, 2004, the alleged onset date of her disability. (Id.)

Plaintiff's history of depression dates back to November 2003, when she began treatment at County Mental Health and attending counselling through her church. Her "Global Assessment of Functioning" (GAF)[1] at that time was about 60. In December of 2003, plaintiff reported increasing depression and inability to sleep. Her doctors prescribed the drug Effexor and plaintiff reported in February of 2004 she was sleeping better. In June of 2004, plaintiff reported feeling much better and much less anxious. In December of 2004, she reported increased depression. In

---

[1] A higher GAF indicates the patient is better able to function while a lower GAF indicates more serious problems. As the Ninth Circuit explained:

> Clinicians use a GAF to rate the psychological, social, and occupational functioning of a patient. The scale does not evaluate impairments caused by psychological or environmental factors. A GAF between 41 and 50 indicates serious symptoms (e.g. suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job).

Morgan v. Commissioner, 169 F.3d 595, 598 n.1 (9th Cir. 1999).

July of 2005, her anxiety was resolved and her GAF was assessed at about 50. Dr. Stephanie Buchert treated plaintiff on November 3, 2005. She assessed her GAF at that time as about 50. Dr. Buchert submitted a Mental Residual Functional Capacity Questionnaire dated January 24, 2006 to the ALJ. Dr. Buchert reported plaintiff's limitations are moderate to severe and plaintiff is expected to be absent more than four days a month due to her condition.

Dr. Romualdo R. Rodriguez, M.D. evaluated plaintiff on August 27, 2005. Dr. Rodriguez diagnosed plaintiff with a dysthymic disorder and ADHD, inattentive type. He assessed her GAF at about 60. Dr. Rodriguez reported plaintiff is currently able to understand, remember and carry out simple instructions or detailed and complex instructions. Dr. Rodriguez identified slight limitations on plaintiff's ability to relate and interact in the workplace, moderate limitations on her ability to concentrate, and slight limitations on her abilities to complete daily activities, adapt to stress, and maintain regular attendance at work.

While plaintiff reported Asperger's syndrome and a learning disorder, she offered no evidence of a diagnosis of either condition.

## DISCUSSION

Standard of Review

To qualify for disability benefits under the Social Security Act ("the Act"), an applicant must show that: (1) he or she suffers from a medically determinable impairment that can be expected to result in death or has lasted, or can be expected to last, for a continuous period of twelve months or more; and (2) the impairment renders the applicant incapable of performing the work that the applicant previously performed and incapable of performing any other substantially gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(2)(A). An applicant must meet both requirements to be "disabled." Id.

The Social Security Regulations employ a five-step process to determine whether an applicant is physically disabled under the Act. If an applicant is found to be "disabled" or "not disabled" at any step, there is no need to proceed to subsequent steps. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520). Although the ALJ must assist the applicant in developing the record, the applicant bears the burden of proof as to the first four steps.

1 Id. If the fifth step is reached, the burden shifts to the Commissioner to rebut the finding of
2 disability. Id. The five steps are as follows:

    (1)    Is the claimant presently working in any substantially gainful activity?

    (2)    Is the claimant's impairment severe?

    (3)    Does the impairment meet or equal one of a list of specific impairments?

    (4)    Is the claimant able to do any work that she has done in the past?

    (5)    Is the claimant able to do any other work that exists in significant numbers in the national economy?

20 C.F.R.§ 416.920; see also Celaya v. Halter, 332 F.3d 1177, 1180 (9th Cir. 2003) (describing the five step sequential evaluation process).

Section 405(g) of the Act allows unsuccessful applicants to seek judicial review of a final decision of the Commissioner. 42 U.S.C. § 405(g). This Court has jurisdiction to review the Commissioner's benefits decision and "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a hearing." 42 U.S.C. § 405(g).

The Commissioner's denial of disability benefits will only be disturbed if the ALJ's findings are based on legal error or are not supported by substantial evidence. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). "Substantial evidence" is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997). In determining whether the ALJ's finding is supported by substantial evidence, the court must weigh both the evidence that supports and the evidence that detracts from the ALJ's conclusion as that evidence exists in the record. Id. "Where the evidence can rationally be interpreted in more than one way, the court must uphold the Commissioner's decision." Mayes, 276 F.3d at 459 (citation omitted).

The ALJ's Decision

Here, the ALJ utilized the five-step eligibility test to analyze plaintiff's claim. With regard to step one, the ALJ noted that plaintiff has not engaged in substantial gainful employment since

her alleged disability onset date of January 1, 2004. (Tr. 17.) At step two, the ALJ found plaintiff has the severe impairments of a major depressive disorder and attention deficit disorder, inattentive type. (Id. at 13.) At step three, the ALJ found plaintiff's impairments did not individually or in combination equal any of the criteria contained in the Commissioner's Listing of Impairments, particularly Medical Listings 4.03, 12.04 ff and 10.05. (Id. at 14.) At step four, the ALJ found plaintiff could not perform her past relevant work. (Id. at 16.) Finally, at step five, the ALJ concluded plaintiff is capable of making a successful adjustment to work that exists in significant numbers in the national economy. (Id.)

The ALJ made the following specific findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since her alleged onset of disability.

3. The claimant has impairments which are considered to be severe as defined in the Social Security Act and regulations. The evidence establishes the claimant has an affective disorder, viz., major depression and attention deficit hyperactivity disorder, inattentive type. The undersigned has found the claimant's hypertension which is under good control with medication and obesity, which the evidence reveals results in no further physical problems or functional limitations, are non severe. The evidence indicates the claimant's anxiety has resolved. There is no evidence to establish the claimant has a learning disorder, or Asperger's syndrome (20 CFR § 404.1520(c)).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. The claimant was born on October 11, 1968 and is currently thirty-seven years old. She completed high school and four years of college. The claimant possesses past relevant work as a receptionist, stock clerk and telephone operator.

7. The claimant's medical impairments result in mild restriction of activities of daily living; mild difficulties in maintaining social functioning; mild difficulties in maintaining concentration, persistence or pace with simple, repetitive tasks, but moderate difficulties with complex, detailed tasks; and no repeated episodes of decompensation or deterioration. The evidence does not establish the presence of the "C" criteria with regard to Medical Listing 12.04. The claimant's [sic] retains the mental residual functional capacity to perform at least simple, repetitive tasks, with limited contact with co-workers, supervisors and the general public.

8. The claimant is unable to perform any of her past relevant work and has no transferable skills. This was substantiated by expert vocational testimony (20 CFR

§ 404.1565).

9. Given the claimant's residual functioning capacity, as found by the undersigned, along with all relevant vocational factors, the undersigned has found there are a significant number of jobs existing in the national economy which the claimant can perform, on a sustained basis. Examples of these jobs are the unskilled, sedentary level work of an assembler, of which there are 1,500 jobs in the San Diego region and 159,000 nationally; the unskilled, light level work of a housecleaner, of which there are 4,5000 jobs in the San Diego region and 447,000 nationally; and the unskilled, light level work of an assembler, of which there are 7,200 jobs in the San Diego region and 729,000 nationally.

10. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1520(g)).

(Tr. 16-17.)

Plaintiff's Allegation of Error

Plaintiff argues the ALJ failed to give clear and convincing reasons why she accepted the findings of the medical expert, Dr. Rodriguez, rather than plaintiff's treating physician, Dr. Buchert.[2] The ALJ advanced three reasons for rejecting Dr. Buchert's evaluation. First, the ALJ stated the record reflected Dr. Buchert only saw plaintiff once, in November of 2005. (Tr. 14.) Second, the ALJ noted Dr. Buchert's assessment was inconsistent with the progress notes and the other records from County Medical Health. (Id.) Finally, the ALJ concluded Dr. Buchert's evaluation was a response to plaintiff's subjective complaints, and the ALJ concluded plaintiff was not credible in reporting her depression. (Id.) Dr. Buchert's evaluation was contradicted by Dr. Rodriguez's assessment plaintiff was functioning at a GAF of about 60 and by the totality of plaintiff's medical history, in which she was more typically assessed at a GAF of about 60, rather than a 50.

A treating physician's medical opinion is entitled to controlling weight where that opinion "is supported by medically acceptable diagnostic techniques and is not inconsistent with other substantial evidence in the record." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001);

---

[2] While the memorandum in support of plaintiff's motion identifies the issues as "the ALJ erred in not finding that plaintiff's depression constituted a severe impairment" and "the ALJ should have used the testimony of a vocational expert in determining plaintiff's residual functional capacity," (Plaintiff's Memo. ISO Motion at 3), these appear to have been stated inadvertantly because plaintiff's argument centers solely on the issue that "the ALJ erred in not giving controlling weight to the opinion of Dr. Buchert, the treating physician." (Id. at 8.) As the Commissioner notes, the ALJ did find plaintiff's depression was a severe impairment and did rely on a vocational expert. (Defendant's Memo. ISO Motion at 5.) Accordingly, the Court will only consider the issue of the ALJ's rejection of Dr. Buchert's opinion.

1  20 C.F.R. § 404.1527(d)(2).  Where the opinion of the treating physician is inconsistent with other
2  substantial evidence in the record, "[t]reating source medical opinions are still entitled to
3  deference and must be weighed using all the factors provided in 20 C.F.R. [§] 404.1527."
4  Holohan, 246 F.3d at 1202 (quoting SSR 96-2p).  "When confronted with conflicting medical
5  opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and
6  unsupported by clinical findings."  Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).
7  Where the treating doctor's opinion is contradicted by the opinions of other examining doctors, the
8  ALJ may reject the treating doctor's opinion as long as he provides specific, legitimate reasons for
9  doing so.  Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  The opinion of an agency
10 expert may constitute substantial evidence where it is consistent with other evidence in the record.
11 Id.

12         The Commissioner argues Dr. Buchert's opinions are not entitled to the deference typically
13 afforded a treating physician because Dr. Buchert only saw plaintiff on one occasion.  The
14 regulations of the Commissioner specifically indicate a treating physician's opinion is entitled to
15 deference based on the length of the treatment relationship and the doctor's ability to provide a
16 detailed and "longitudinal" picture of plaintiff's medical condition.  20 C.F.R. § 404.1527(d).
17 Accordingly, the Court agrees the limited nature of Dr. Buchert's relationship with plaintiff and
18 the contradiction of Dr. Buchert's opinion by other substantial evidence in the record provided
19 specific and legitimate reasons for rejecting her opinion.  Plaintiff argues Dr. Buchert's opinion
20 should be entitled to controlling weight because Dr. Buchert relied on the ongoing treatment notes
21 in plaintiff's file in making her assessment.  This argument is unavailing because that file is more
22 consistent with Dr. Rodriguez's evaluation than Dr. Buchert's.  Additionally, as the Commissioner
23 notes, plaintiff has not challenged the ALJ's determination plaintiff was not credible.
24 Accordingly, the Court finds the ALJ's reasons for rejecting Dr. Buchert's opinions were specific
25 and legitimate, and her decision was supported by substantial evidence in the record.
26 //
27 //
28 //

CONCLUSION

For the reasons set forth herein, plaintiff's motion for summary judgment is DENIED and the Commissioner's cross-motion for summary judgment is GRANTED. The decision of the Commissioner is AFFIRMED, terminating this case.

**IT IS SO ORDERED.**

**DATED: May 7, 2008**

*[signature]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**